# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

STEVEN MARK KELTY,

        Petitioner,               Case No. 19-cv-12774
                                              Hon. Matthew F. Leitman

v.

THOMAS WINN,

        Respondent.

_____/

## ORDER (1) GRANTING PETITIONER'S MOTION TO STAY (ECF NO. 3) AND (2) ADMINISTRATIVELY CLOSING THE CASE

Petitioner Steven Mark Kelty is a state prisoner in the custody of the Michigan Department of Corrections. On September 23, 2019, Kelty filed a *pro se* petition for a writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254. (*See* Pet., ECF No. 1.) Kelty has also filed a motion to stay this proceeding so that he may exhaust certain additional claims in the state courts. (See *Mot.*, ECF No. 3.) The Court **GRANTS** the motion and **STAYS** this proceeding under the terms outlined below.

A state prisoner who seeks federal habeas relief must first exhaust his or her available state court remedies before raising a claim in federal court. *See* 28 U.S.C. § 2254(b) and (c). *See also Picard v. Connor*, 404 U.S. 270, 275-78 (1971). Kelty asks for a stay so that he can satisfy this exhaustion requirement. To avoid complications with the one-year statute of limitations contained in 28 U.S.C. §

2244(d)(1), a federal court may opt to stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings. *See Rhines v. Weber,* 544 U.S. 269, 278 (2005). After the petitioner exhausts his state remedies, the federal court may lift its stay and allow the petitioner to proceed in federal court. *See id.* at 275-76. The Court concludes that such a stay is warranted here.

Accordingly, **IT IS HEREBY ORDERED** that Kelty's motion to stay consideration of his habeas petition while he pursues his state-court remedies (ECF No. 3) is **GRANTED**. This stay is conditioned upon Kelty fully exhausting his state-court remedies, including seeking review in the Michigan Court of Appeals and Michigan Supreme Court (in the manner provided under Michigan law), if the trial court denies relief.[1] The stay is further conditioned on Kelty's return to this Court, with a motion to re-open and amend his petition, using the same caption and case number included at the top of this order, within **60 days** of fully exhausting his state court remedies. *See*, *e.g.*, *Wagner v. Smith* 581 F.3d 410, 411 (6th Cir. 2009) (discussing similar procedure). If Kelty fails to comply with any of the conditions described in this paragraph, the Court may dismiss his petition and/or rule only on

---

[1] Kelty has already filed a post-conviction motion for relief from judgment in the state trial court. (*See* Pet., ECF No. 1, PageID. 3, 6.) It is unclear whether the trial court has decided the motion yet – Kelty indicates both that the motion was denied on August 16, 2019, and that he is awaiting a decision on the motion. (*See id.*)

his currently-exhausted claims (if any). *See Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014).

**IT IS FURTHER ORDERED** that the Clerk of the Court shall **CLOSE** this case for administrative purposes only. Nothing in this order or the related docket entry shall be construed as an adjudication of any of Kelty's claims. *See Sitto v. Bock*, 207 F.Supp.2d 668, 677 (E.D. Mich. 2002).

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: October 9, 2019

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 9, 2019, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764